Tonia Ouellette Klausner
Uzezi Abugo
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone:  (212) 999-5800
Facsimile:  (212) 999-5899
Email:  tklausner@wsgr.com
Email:  uabugo@wsgr.com

*Counsel for Defendants Ozy Media, Inc.
and Carlos Watson*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MONOWISE LIMITED CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>OZY MEDIA, INC. and CARLOS WATSON,<br><br>　　　　　　　Defendants. | ECF Case<br><br>CASE NO.:  1:17-cv-08028-LAK-JLC<br><br>DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND |

## ANSWER

Defendants, Ozy Media, Inc. ("OM"), and Carlos Watson ("CW"), collectively "Defendants", by and through their undersigned attorneys, answer the Complaint of Plaintiff Monowise Limited Corporation ("MLC") as follows:

### NATURE OF THE CASE

1. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and on that basis deny them.

2. Defendants deny the allegations of Paragraph 2 of the Complaint.

3. Defendants deny the allegations of Paragraph 3 of the Complaint.

4. Defendants deny the allegations of Paragraph 4 of the Complaint.

5. Defendants admit that MLC brings this action against Defendants and asserts purported claims for: (i) federal trademark infringement in violation of 15 U.S.C. § 1114(a); (ii) federal unfair competition in violation of 15 U.S.C. § 1125(a); (iii) federal trademark dilution in violation of 15 U.S.C. § 1125(c); (iv) trademark infringement in violation of New York common law; (v) trademark dilution in violation of N.Y. Gen. Bus. Law § 360-l; (vi) unfair competition in violation of New York common law; and (vii) in the case of Defendant CW, vicarious trademark infringement in violation of the U.S. Trademark Act and New York common law. Defendants deny that MLC is entitled to any relief. Except as specifically admitted, Defendants deny the allegations of Paragraph 5 of the Complaint.

6. Defendants admit that MLC prays for relief from the court that includes: (i) a permanent injunction; (ii) an award of profits; (iii) an award of damages; and (iv) such further relief as this Court deems just and equitable.  Defendants deny that MLC is entitled to any of the relief that it seeks. Except as specifically admitted, Defendants deny the allegations of Paragraph 5 of the Complaint.

**THE PARTIES**

7. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and on that basis deny them.

8. Defendants deny the allegations in Paragraph 8 of the Complaint.

9. Defendants admit that Defendant Carlos Watson is a California resident.  Except as specifically admitted, Defendants deny the allegations in Paragraph 9 of the Complaint.

**JURISDICTION AND VENUE**

10. Defendants admit the Court has subject matter jurisdiction over Counts I-III.

11. Defendants admit the Court has subject matter jurisdiction over Counts IV-VI.

12. Defendants admit the Court has subject matter jurisdiction over Count VII.

13. Defendants deny the allegations in Paragraph 13 of the Complaint. Defendant OM further states that it does not challenge this Court's personal jurisdiction over it for the limited purpose of this action only.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint. Defendant CW further states that he does not challenge this Court's personal jurisdiction over him for the limited purpose of this action only.

16. Defendants deny the allegations in Paragraph 16 of the Complaint, but do not contest venue in this judicial district for the limited purpose of this action only.

17. Defendants deny the allegations in Paragraph 17 of the Complaint, but do not contest venue in this judicial district for the limited purpose of this action only.

## ALLEGED FACTS COMMON TO ALL CLAIMS FOR RELIEF

### I. MLC

#### A. OZZFEST

18. Defendants deny the allegations of Paragraph 18 of the Complaint.

19. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and on that basis deny them.

20. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and on that basis deny them.

21. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and on that basis deny them.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and on that basis deny them.

24. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and on that basis deny them.

### a. MLC's Family of "OZZ" and "OZZY" Marks

#### i. The OZZFEST Marks

25. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and on that basis deny them.

26. Paragraph 26 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegation in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegation in Paragraph 27 of the Complaint.

28. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and on that basis deny them.

29. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and on that basis deny them.

30. Paragraph 30 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegation in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegation in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint and on that basis deny them.

34. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint and on that basis deny them.

35. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint and on that basis deny them.

### ii. The OZZY, OZZY OSBOURNE, and OZZ RECORDS

36. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint and on that basis deny them.

37. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint and on that basis deny them.

38. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint and on that basis deny them.

39. Paragraph 39 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegation in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegation in Paragraph 40 of the Complaint.

41. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint and on that basis deny them.

42. Paragraph 42 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegation in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegation in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegation in Paragraph 44 of the Complaint.

45. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint and on that basis deny them.

46. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint and on that basis deny them.

47. Paragraph 47 of the Complaint refers to records of the U.S. Patent and Trademark Office. The records speak for themselves. Except as specifically admitted, Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint refers to records of the U.S. Patent and Trademark Office. The records speak for themselves. Except as specifically admitted, Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and on that basis deny them.

50. Paragraph 50 of the Complaint states a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegation in Paragraph 50 of the Complaint.

51. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and on that basis deny them.

## II. Defendants' Alleged Unlawful Conduct

### A. The 2016 Version of OM's Festival

52. Defendants admit that OM titled the 2016 version of its festival "Ozy Fusion Fest." Except as specifically admitted, Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants admit that People magazine posted an article on its website about Ozy Fusion Fest. Except as specifically admitted, Defendants deny the allegations in Paragraph 53 of the Complaint.

54. The allegations of Paragraph 54 refer to a published article, the content of which speaks for itself. Except as specifically admitted, Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint.

### B. The 2017 Version of OM's Festival

56. Defendants admit that OM titled its 2017 festival "Ozy Fest." Except as specifically admitted, Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants admit that OM's Ozy Fest took place in Central Park, NY and that OM promoted and advertised OM's Ozy Fest online and elsewhere. Except as specifically admitted, Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants admit that OM promoted its Ozy Fest in part under the logo set forth in Paragraph 58 of the Complaint. Except as specifically admitted, Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants admit that Defendant OM's Ozy Fest has included performances by Yuna, Talib Kweli, Zara Larsson and Jason Derulo as set forth in Paragraph 61 of the Complaint.

7

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants admit that Defendant OM's 2016 and 2017 festivals included music by artists such as Zuna, Talib Kweli, Zara Larsson and Jason DeRulo. Except as specifically admitted, Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

### III.    MLC's Alleged Efforts to Resolve this Dispute

70. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint and on that basis deny them.

71. Defendants admit that MCL sent a letter to Defendants on or around June 30, 2017, the content of which speaks for itself. Except as specifically admitted, Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants admit that on or around July 20, 2017, Defendants' counsel sent a response letter to MLC's counsel, the content of which speaks for itself. Except as specifically admitted, Defendants deny the allegations in Paragraph 72 of the Complaint.

73. Defendants admit that OM's website promotes the OM Ozy Fest in various ways including as an event "Described as 'TED meets Coachella' by The New York Times, this all-day party in Central Park brings together incredible music, provocative ideas, laugh-out-loud

comedy and mouth-watering food under the city skyline." Except as specifically admitted, Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants admit that OM's website includes video clips from Ozy Fest, the content of which speaks for itself. Except as specifically admitted, Defendants deny the allegations in Paragraph 74.

75. Defendants deny the allegations in Paragraph 75 of the Complaint and further state that while denying any legal obligation to do anything, OM in fact offered to make changes in how it referenced the name of its festival voluntarily in an effort to resolve MLC's dispute out of court, but MLC chose to file this lawsuit rather than engage in any meaningful attempt at an amicable resolution.

76. Defendants deny the allegation in Paragraph 76 of the Complaint.

## CLAIMS FOR RELIEF

### COUNT I
*(Federal Trademark Infringement Under 15 U.S.C. § 1114)*
*(Against All Defendants)*

77. Defendants incorporate by reference their responses to Paragraphs 1-76 of the Complaint.

78. Defendants admit that Count I purports to be for Federal Trademark Infringement under 15 U.S.C. § 1114. Defendants deny that Plaintiff is entitled to any relief against them under such law.

79. Defendants deny the allegations of Paragraph 79 of the Complaint.

80. Defendants deny the allegations of Paragraph 80 of the Complaint.

81. Defendants deny the allegations of Paragraph 81 of the Complaint.

82. Defendants deny the allegations of Paragraph 82 of the Complaint.

83. Defendants deny the allegations of Paragraph 83 of the Complaint.

84. Defendants deny the allegations of Paragraph 84 of the Complaint.

85. Defendants deny the allegations of Paragraph 85 of the Complaint.

86. Defendants deny the allegations of Paragraph 86 of the Complaint.

87. Defendants deny the allegations of Paragraph 87 of the Complaint.

### COUNT II
*(Unfair Competition Under 15 U.S.C. § 1125(a))*
*(Against All Defendants)*

88. Defendants incorporate by reference their responses to Paragraphs 1-87 of the Complaint.

89. Defendants admit that Count II purports to be for Unfair Competition under 15 U.S.C. § 1125(a). Defendants deny that Plaintiff is entitled to any relief against them under such law.

90. Defendants deny the allegations of Paragraph 90 of the Complaint.

91. Defendants deny the allegations of Paragraph 91 of the Complaint.

92. Defendants deny the allegations of Paragraph 92 of the Complaint.

### COUNT III
(*Federal Trademark Dilution Under 15 U.S.C. § 1125(c)*)
*(Against All Defendants)*

93. Defendants incorporate by reference their responses to Paragraphs 1-92 of the Complaint.

94. Defendants admit that Count III purports to be for Federal Trademark Dilution under 15 U.S.C. § 1125(c). Defendants deny that Plaintiff is entitled to any relief against them under such law.

95. Defendants deny the allegations of Paragraph 95 of the Complaint.

96. Defendants deny the allegations of Paragraph 96 of the Complaint.

97. Defendants deny the allegations of Paragraph 97 of the Complaint.

98. Defendants deny the allegations of Paragraph 98 of the Complaint.

99. Defendants deny the allegations of Paragraph 99 of the Complaint.

100. Defendants deny the allegations of Paragraph 100 of the Complaint.

101. Defendants deny the allegations of Paragraph 101 of the Complaint.

102. Defendants deny the allegations of Paragraph 102 of the Complaint.

103. Defendants deny the allegations of Paragraph 103 of the Complaint.

104. Defendants deny the allegations of Paragraph 104 of the Complaint.

## COUNT IV
*(Trademark Infringement Under New York Common Law)*
*(Against All Defendants)*

105. Defendants incorporate by reference their responses to Paragraphs 1-104 of the Complaint.

106. Defendants admit that Count IV purports to be for Trademark Infringement under New York Common Law. Defendants deny that Plaintiff is entitled to any relief against them under such law.

107. Defendants deny the allegations of Paragraph 107 of the Complaint.

108. Defendants deny the allegations of Paragraph 108 of the Complaint.

109. Defendants deny the allegations of Paragraph 109 of the Complaint.

## COUNT V
*(Trademark Dilution Under N.Y. GBL § 360-l)*
*(Against All Defendants)*

110. Defendants incorporate by reference their responses to Paragraphs 1-109 of the Complaint.

111. Defendants admit that Count V purports to be for Trademark Dilution under N.Y. GBL § 360-l. Defendants deny that Plaintiff is entitled to any relief against them under such law.

112. Defendants deny the allegations of Paragraph 112 of the Complaint.

113. Defendants deny the allegations of Paragraph 113 of the Complaint.

114. Defendants deny the allegations of Paragraph 114 of the Complaint.

115. Defendants deny the allegations of Paragraph 115 of the Complaint.

116. Defendants deny the allegations of Paragraph 116 of the Complaint.

117. Defendants deny the allegations of Paragraph 117 of the Complaint.

118. Defendants deny the allegations of Paragraph 118 of the Complaint.

119. Defendants deny the allegations of Paragraph 119 of the Complaint.

## COUNT VI
*(Unfair Competition Under New York Common Law)*
*(Against All Defendants)*

120. Defendants incorporate by reference their responses to Paragraphs 1-119 of the Complaint.

121. Defendants admit that Count VI purports to be for unfair competition under New York common law. Defendants deny that Plaintiff is entitled to any relief against them under such law.

122. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 122 of the Complaint and on that basis deny them.

123. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 123 of the Complaint and on that basis deny them.

124. Defendants deny the allegations of Paragraph 124 of the Complaint.

125. Defendants deny the allegations of Paragraph 125 of the Complaint.

126. Defendants deny the allegations of Paragraph 126 of the Complaint.

127. Defendants deny the allegations of Paragraph 127 of the Complaint.

128. Defendants deny the allegations of Paragraph 128 of the Complaint.

129. Defendants deny the allegations of Paragraph 129 of the Complaint.

### COUNT VII
*(Vicarious Trademark Infringement)*
*(Against Defendant CW)*

130. Defendants incorporate by reference their responses to Paragraphs 1-129 of the Complaint.

131. Defendants admit that Count VII purports to be for Vicarious Trademark Infringement. Defendants deny that Plaintiff is entitled to any relief pursuant to this count.

132. Defendants deny the allegations of Paragraph 132 of the Complaint.

133. Defendants admit that CW and others own an interest in OM. Except as specifically admitted, Defendants deny the allegations of Paragraph 133 of the Complaint.

134. Defendants admit that CW is a founder and the CEO of OM, owns an interest in OM, and has authority to enter into certain business transactions on behalf of OM. Except as specifically admitted, Defendants deny the allegations of Paragraph 134 of the Complaint.

135. Defendants deny the allegations of Paragraph 135 of the Complaint.

136. Defendants deny the allegations of Paragraph 136 of the Complaint.

137. Defendants deny the allegations of Paragraph 137 of the Complaint.

138. Defendants deny the allegations of Paragraph 138 of the Complaint.

### GENERAL DENIAL

Defendants further deny the allegations of Plaintiff's Complaint that are not specifically admitted in the responses set forth above.

### AFFIRMATIVE AND OTHER DEFENSES

Defendants set forth the following affirmative and other defenses. Defendants do not concede that they bear the burden of proof or persuasion on any of these defenses.

## First Defense
### (Failure to State a Claim)

Plaintiff's claims are barred in whole or in part because the Complaint fails to state a claim upon which relief can be granted with respect to one or more of the causes of action set forth in the Complaint. Plaintiff has failed to state a claim for trademark infringement or unfair competition because, among other things, it has not alleged any facts making it plausible that consumers are likely to be confused by Defendant OM's use of Ozy Fest for its novel festival. Plaintiff's claims fail because they are unsupported by the required factual allegations to make them plausible, and because they impermissibly lump both Defendants together and fail to specify the conduct of each that allegedly gives rise to each claim.

## Second Defense
### (No Enforceable Rights)

Plaintiff's claims are barred in whole or in part because it has not made sufficient use of the OZZFEST marks to establish enforceable common law rights.

## Third Defense
### (Absence of Damages)

Plaintiff is barred from any recovery on the ground that Plaintiff has not suffered any loss or damages as a result of the alleged acts of Defendants.

## Fourth Defense
### (Additional Defenses)

This action and any relief sought by Plaintiff may be barred in whole or in part by additional defenses that cannot now be articulated because of the generality of Plaintiff's pleading and the fact that no discovery has been taken.  Accordingly, Defendants reserve the right to supplement the foregoing and to raise additional defenses as may appear during the progress of this case to the full extent allowed under applicable law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request judgment in their favor and against Plaintiff as follows:

a. Ordering that Plaintiff's claims be dismissed in their entirety with prejudice, that judgment be entered in favor of Defendants and against Plaintiff, and that Plaintiff be denied all relief requested in its claims;

b. Awarding to Defendants their reasonable attorneys' fees, costs, and expenses in this action under 15 U.S.C. § 1117, and under other applicable law; and

c. Granting such further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Defendants Ozy Media, Inc. and Carlos Watson demand a trial by jury in the above-captioned action of all issues triable by jury.

Dated:   December 1, 2017

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   *s/ Tonia Ouellette Klausner*
Tonia Ouellette Klausner
Uzezi Abugo
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone:  (212) 999-5800
Facsimile:  (212) 999-5899
Email:  tklausner@wsgr.com
Email:  uabugo@wsgr.com

*Counsel for Defendants Ozy Media, Inc. and Carlos Watson*