USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/03/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                               :

MONOWISE LIMITED CORPORATION,       :
                                                :

                Plaintiff,              :         17-CV-8028 (JMF)
                                                :

                -v-                     :       MEMORANDUM OPINION
                                                :           AND ORDER

OZY MEDIA, INC., and CARLOS WATSON,     :
                                                :

                Defendants.            :
                                                :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff Monowise Limited Corporation ("Monowise") is the advertiser, producer, and presenter of a hard rock music festival called "OZZFEST," named for the famed musician Ozzy Osbourne.  In this suit, it brings trademark and unfair competition claims against Ozy Media, Inc. and one of that company's principals for their use of the mark "OZYFEST" in connection with an annual festival in Central Park featuring speakers and live entertainers, including some musical performers.  (Docket No. 1 ("Compl."), at ¶¶ 77-138).  Monowise now moves, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for a preliminary injunction barring Defendants "from using the trademark 'OZYFEST,'" most notably in connection with this year's OZYFEST festival, which is planned for July 21 and 22, 2018.  (Docket No. 31; *see also* Docket No. 31-1 ("Pl.'s Br.")).

       "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Hanson Tr. PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986) (describing a preliminary injunction as "one of the most drastic tools in the arsenal of judicial remedies").  To obtain relief, the party seeking a preliminary injunction "must show (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for

litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011) (internal quotation marks omitted); *see also Winter*, 555 U.S. at 20. "A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (internal quotation marks omitted). Thus, if a party fails to show irreparable harm, a court need not even address the remaining elements of the test. *See, e.g.*, *Roberts v. Atl. Recording Corp.*, 892 F. Supp. 83, 88 (S.D.N.Y. 1995) ("Because a showing of irreparable harm is the single most important prerequisite for the issuance of injunctive relief, the Court need not address the remaining elements necessary to obtain such relief."); *Vantone Grp. Ltd. Liab. Co. v. Yangpu NGT Indus. Co.*, No. 13-CV-7639 (LTS), 2015 WL 1055933, at *4 (S.D.N.Y. Mar. 11, 2015) (same).

Significantly, a court "must consider a plaintiff's delay in seeking relief when analyzing whether the plaintiff will suffer irreparable harm in the absence of relief." *Ingber v. N.Y.C. Dep't of Educ.*, No. 14-CV-3942 (JMF), 2014 WL 2575780, at *2 (S.D.N.Y. June 9, 2014) (citing *Tom Doherty Assocs. v. Saban Entm't, Inc.*, 60 F.3d 27, 39 (2d Cir. 1995)); *see also, e.g.*, *MGM-Pathe Commc'ns Co. v. Pink Panther Patrol*, 774 F. Supp. 869, 873 (S.D.N.Y. 1991) ("[I]t is unquestionably true that a trademark plaintiff's delay in seeking relief can impeach a claim of irrep[a]rable harm . . . ."). As the Second Circuit has explained:

> Preliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights. Delay in seeking enforcement of those rights, however, tends to indicated at least a reduced need for such drastic, speedy action. Significant delay in applying for injunctive relief in a trademark case tends to neutralize any presumption that infringement alone will cause irreparable harm pending trial, and such delay alone may justify denial of a preliminary injunction for trademark infringement.

*Citibank N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985) (citations omitted); *see Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995) (stating that delay "standing alone" may

"preclude the granting of preliminary injunctive relief" because it "suggests that there is, in fact, no irreparable injury"). There is no bright-line rule for how much delay is too much, but courts in this Circuit "typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months." *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 13 F. Supp. 2d 417, 419 (S.D.N.Y. 1998); *see Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 144 (2d Cir. 2005) ("We have found delays of as little as ten weeks sufficient to defeat the presumption of irreparable harm that is essential to the issuance of a preliminary injunction."); *see also, e.g.*, *Citibank*, 756 F.2d at 276 (delay of "more than ten weeks after [the plaintiff] learned" of the alleged infringer's plans "directly"); *Life Techs. Corp. v. AB Sciex Pte. Ltd.*, No. 11-CIV-325 (RJH), 2011 WL 1419612, at *7 (S.D.N.Y. Apr. 11, 2011) (three months' delay); *Livery Round Table, Inc. v. N.Y.C. FHV & Limousine Comm'n*, No. 18-CV-2349 (JGK), 2018 WL 1890520, at *9 (S.D.N.Y. Apr. 18, 2018) (roughly three months' delay); *Hessel v. Christie's Inc.*, 399 F. Supp. 2d 506, 520-21 (S.D.N.Y. 2005) (two months' delay).

Applying those standards here, the Court concludes that Monowise's delay in seeking relief defeats any possible showing of irreparable harm. By its own admission, Monowise learned of Defendants' use of the OZYFEST mark in connection with their festival as early as June 2017, one month before the July 2017 OZYFEST festival. (Pl.'s Br. 6). Yet Monowise did not move to enjoin Defendants' use of the mark prior to the 2017 festival. Nor did Monowise seek relief promptly after the 2017 festival, even though Defendants' counsel advised Monowise's counsel in letters dated July 20, 2017, and August 11, 2017, that the OZYFEST festival was an "annual" event, (Docket No. 41, Ex. 21), and that Defendants had every intention of using "the mark going forward," (Compl., Ex. 12). In fact, Monowise waited three months, until October 18, 2017, to file this lawsuit, (*see* Compl.), and waited another five months, until March 7, 2018 — until *after* Defendants had begun planning, and publicizing, the 2018 OZYFEST festival, no less — before

seeking leave to pursue preliminary injunctive relief. (*See* Docket No. 25). All told, therefore, Monowise waited almost nine months from the date on which it first learned of Defendants' use of the mark in connection with a festival involving at least some musical performances — and learned of Defendants' intention to continue using the mark in connection with that festival every year — before seeking injunctive relief. Wherever the line distinguishing between acceptable and unacceptable delay may be, that delay plainly falls on the unacceptable side.

In response, Monowise contends that "January 5, 2018 is the earliest" it "could have reasonably known that Defendants were using OZYFEST for their 2018 event" and that the time between January 5, 2018, and March 1, 2018, should not count against it because the parties were engaged in mediation efforts. (Docket No. 54, at 10-12). There may be merit to the latter point, *see, e.g.*, *Marks Org. v. Joles*, 784 F. Supp. 2d 322, 333 (S.D.N.Y. 2011) (noting that the "diligent pursuit of settlement negotiations can justify delay"), the former is belied by the record. As noted above, in July and August 2017, Defendants' counsel made abundantly clear to Monowise that Defendants had no intention of ceasing to use the OZYFEST mark and planned to use it in connection with an annual festival. Even more significantly, in a letter dated July 26, 2017, Monowise's *own* counsel insisted that "it would be relatively easy to change the name of the event *for next year*," making clear Monowise's knowledge the Defendants intended to continue their use of the OZYFEST mark in connection with their annual festival. (Compl., Ex. 11 (emphasis added)). And in its Complaint, filed on October 18, 2017, Monowise sought "an order permanently enjoining and restraining Defendants from using the OZYFEST Marks for any purpose whatsoever," again making clear that it was aware of Defendants' plan to continue using the mark. (Compl. ¶ 6). Counting only the time from Monowise's July 26, 2017 letter until January 5, 2018 (when the case was referred for mediation) — that is, excluding *both* the time before Ozy Fest 2017 *and* the time after the case was referred to mediation — leaves more than five months of unjustified delay. That

in itself warrants denial of Monowise's motion for preliminary injunctive relief. *See Citibank*, 756 F.2d at 276 ("[S]uch delay alone may justify denial of a preliminary injunction for trademark infringement.").

One housekeeping matter remains: By letter, Monowise sought leave to file certain documents in redacted form. (Docket No. 37). The Court granted the motion temporarily, pending its decision on the underlying motion. (Docket No. 38). It is well established that filings that are "relevant to the performance of the judicial function and useful in the judicial process" are considered "judicial documents" to which a presumption in favor of public access attaches. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Moreover, the mere fact that information is subject to a confidentiality agreement between litigants is not a valid basis to overcome that presumption. *See, e.g., United States v. Wells Fargo Bank N.A.*, No. 12-CV-7527 (JMF), 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015) (citing cases). Thus, any party that believes any redacted material should remain redacted is ORDERED to show cause in writing, no later than two weeks from the date of this Memorandum Opinion and Order, why doing so would be consistent with the presumption in favor of public access. If, by that deadline, no party contends that a particular document should remain under seal or in redacted form, then Monowise shall promptly file that document on ECF.

SO ORDERED.

Date: May 3, 2018
New York, New York

JESSE M. FURMAN
United States District Judge