USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/22/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
            :
MONOWISE LIMITED CORPORATION,    :
            :
          Plaintiff,    :   17-CV-8028 (JMF)
            :
    -v-    :   MEMORANDUM
            :   OPINION AND ORDER
OZY MEDIA, INC., and CARLOS WATSON    :
            :
         Defendants.    :
            :
------------------------------------------------------------------- X

JESSE M. FURMAN, United States District Judge:

       By Memorandum Opinion and Order entered on May 3, 2018, the Court granted denied the motion of Plaintiff Monowise Limited Corporation ("Monowise") for a preliminary injunction. (Docket No. 59 ("Mem. Op.")). On May 14, 2018, Monowise filed a motion for reconsideration of that decision. (Docket No. 60). Upon review of the parties' briefs, the Court denies that motion for the reasons stated below.

       Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012). A district court "has broad discretion in determining whether to grant a motion [for reconsideration]." *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000). Such a motion "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Medisim*, 2012 WL

1450420, at *1 (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). It is well established that the rules permitting motions for reconsideration must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [C]ourt." *United States v. Treacy*, No. 08-CR-0366 (RLC), 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009).

Applying those standards here, Monowise's arguments fall short. Monowise does not point to any evidence or controlling decisions that the Court overlooked. Instead, Monowise simply reasserts arguments that the Court previously considered and rejected in denying Monowise's motion for a preliminary injunction. Monowise claims that the Court overlooked the parties' "settlement negotiations from July 2017 through January 2018." (Docket No. 61 ("Monowise's Br."), at 1). But the Court held that "*diligent* pursuit of settlement negotiations can justify delay," and explicitly cited the July and August 2017 letters between the parties to which Monowise now points as evidence of "negotiations." (Mem. Op. 3-4 (citation and internal quotation marks omitted) (emphasis added)). Monowise supplied no evidence supporting active settlement negotiations, nor did it dispute Ozy Media's argument that Monowise "said nothing at all for three months" during what Monowise now claims was a period of active negotiation. (Docket No. 39, at 8). Likewise, there is no basis for reconsideration under Monowise's second argument — that it "did not know for certainof [sic] Defendants' intent to use the OZYFEST mark for the 2018 event until January 5, 2018." (Monowise Br. 1). As the Court previously explained, Monowise learned of Ozy Media's

2

intent to continue using the "OZYFEST" mark in connection with their festival as early as June 2017. (Mem. Op. 3).

The Clerk of Court is directed to terminate Docket No. 60.

SO ORDERED.

Date: May 22, 2018
New York, New York

_____
JESSE M. FURMAN
United States District Judge